UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                              )
                                    )     Chapter 13
JOHN L. McALLISTER and              )
MARIE C. McALLISTER                 )     Bankruptcy No. 04-02249
                                    )
     Debtors.                       )
_____         )
JOHN L. McALLISTER and              )
MARIE C. McALLISTER                 )     Adversary No. 04-9115
                                    )
     Plaintiffs,                    )
                                    )
vs.                                 )
                                    )
GRANGER STATE BANK                  )
FIRST SOUTHEAST BANK OF             )
MINNESOTA                           )
                                    )
     Defendant.                     )


            **ORDER RE: NOTICE OF REMOVAL TO BANKRUPTCY COURT**
                       **AND MOTION TO REMAND**

     The above-captioned matter came on for telephonic hearing on August 3, 2004 on Debtors' Notice of Removal and the Motion to Remand filed by Defendant First Southeast Bank of Minnesota ("the Bank").  The Bank was represented by attorney Peter Favorite.  Debtors John and Marie McAllister ("Debtors") were represented by attorney Joseph Peiffer.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

                         **STATEMENT OF THE CASE**

     Debtors filed a Notice of Removal of their state court action, <u>McAllister v. Granger State Bank and First Southeast Bank</u>.  The Bank filed a Motion to Remand the proceeding to the Iowa District Court for Howard County.  The Bank asserts that adequate equitable grounds exist for this Court to remand the case to the state court.  It also seeks an order by this Court that its parallel Iowa District Court case, <u>First Southeast</u>

                                   1

<u>Bank v. McAllister</u>, proceed to resolution in the state court and not be removed to the Bankruptcy Court.

**STATEMENT OF FACT**

Debtors filed a voluntary Chapter 13 bankruptcy petition on June 7, 2004.  At that time, two actions involving Debtors were pending in the Iowa District Court for Howard County.  The matter at issue here, <u>John McAllister and Marie McAllister v. Granger State Bank and First Southeast Bank, Successor in interest to the Granger State Bank</u>, Howard County District Court No. EQCV015332 ("Debtors' State Action"), was commenced June 17, 2003.  This action is still pending in the Iowa District Court.  In their state court petition, Debtors stated that they had a long history of lending transactions with the Bank and suspected that payments on various promissory notes held by the Bank were improperly applied to the wrong notes.  Debtors requested an accounting of their transactions with the Bank.

On July 31, 2003, the Bank commenced <u>First Southeast Bank v. John McAllister, Marie McAllister</u>, Howard County District Court No. EQCV015349 ("Bank's State Action"), seeking to enforce four promissory notes.  On April 12, 2004, the Howard County Court granted summary judgment in favor of the Bank.  On April 26, 2004, the Howard County Court rendered its Judgment and Decree ("the Judgment") in the Bank's State Action, conclusively establishing Debtors' liability on each of the notes.  Debtors subsequently appealed this judgment.

In light of the April 26, 2004 judgment, the Bank filed for summary judgment in Debtors' State Action, asserting that summary judgment was proper since the other state court had already decided Debtors' liability on the notes in the Bank's State Action.  However, in what may be an oversight by the court in Debtors' State Action, the court denied the summary judgment motion.  The court held that pursuant to the April 12, 2004 summary judgment order, there were unresolved issues as to Debtors' liability.  However, the court failed to address the April 26, 2004 Judgment.  On May 27, 2004, the Bank filed a Motion for Reconsideration, asserting that the court made a mistake in overlooking the Judgment and denying the summary judgment motion.  The Motion for Reconsideration is pending at this time.

The Bank attempted to enforce the Judgment, and a Sheriff's sale was scheduled for June 8, 2004. However, this action was stayed when Debtors filed bankruptcy on June 7, 2004. The Court notes that the Bank has now filed a Motion to Lift Stay, with preliminary hearing scheduled for August 20, 2004.

### CONCLUSIONS OF LAW

Remand of a case removed to the bankruptcy court's jurisdiction under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 is governed by 28 U.S.C. § 1452(b). Section 1452(b) states:

> The court to which such a claim or cause of action is removed may remand such claim or cause of action <u>on any equitable ground</u>.

28 U.S.C. § 1452(b) [emphasis added]. There are numerous factors that courts may consider in determining whether there are equitable grounds for remand under 1452(b). <u>In re Bockes Brothers Farms</u>, No. 93-60881-KW, slip op. at 2 (Bankr. N.D. Iowa, Sept. 7, 1993); <u>Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co., Inc.</u>, 302 B.R. 620, 628-29 (N.D. Iowa 2003) (Reade, J.). These factors may include:

> whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; judicial economy; prejudice to involuntarily removed parties; the effect of bifurcating the action, including whether remand will increase or decrease possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.

<u>Transamerica</u>, 302 B.R. at 628-29. When ruling on a motion to remand, courts construe all doubts in favor of remand. <u>Green v. Ameritrade, Inc.</u>, 279 F.3d 590, 596 (8th Cir. 2002).

### ANALYSIS

3

The issues raised here have been extensively litigated in the Iowa District Court for Howard County. In addition, the Howard County Court has already decided a parallel case addressing many of the same issues. Two state court judges are deciding the parallel actions, and it appears as though there is some conflict between their decisions to date. As the state court results are inconsistent, adding a third tribunal at this point would constitute a duplicative and uneconomical use of judicial resources. The Iowa court system is well-equipped to determine issues of state law, and as such this Court should remand the case in the interests of comity, judicial economy, and deference to the expertise of the Iowa courts. It is most appropriate that any conflicts be resolved in the Iowa Courts. Otherwise, it appears that this Court would, in effect, be acting as an appellate court.

**WHEREFORE,** Defendant's Motion to Remand is GRANTED.

**FURTHER,** the Court remands John McAllister and Marie McAllister v. Granger State Bank and First Southeast Bank, Successor in interest to Granger State Bank, No. EQCV015332, to the Howard County Court for determination of the Bank's Motion for Reconsideration and further proceedings, as appropriate.

**FURTHER**, as to the Bank's related state case, First Southeast Bank v. John McAllister, Marie McAllister, no ruling is made at this time as Debtors have not sought removal to the Bankruptcy Court.

**FURTHER**, as discussed at the hearing, the Court modifies the automatic stay by separate order in the bankruptcy case to allow these two actions in Iowa District Court to continue to mittimus or judgment. However, the automatic stay will remain in effect as to execution on any final judgment until further order of this Court.

**SO ORDERED** this 11th day of August, 2004.

_/s/ Paul J. Kilburg_

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE